# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| THOMAS HEWITT, SHIRLEY FIELDS, ) <br> MMS HOLDINGS LLC, MARK STEINDLER, ) <br> DONNA STREET, MORPHIS PROPERTIES LLC,) <br> JOHN MORRELL, AUSTIN MEREDITH, ) <br> MCPHIL INVESTMENT LLC, RKC, INC, ) <br> LOUIS DEVITA, ELAINE DEVITA, WESLEY ) <br> O'NEAL, STEVEN O'NEAL, JAMES O'NEAL, ) <br> and MARJORIE O'NEAL, for themselves and ) <br> ALL OTHER MEMBERS OF COLD CREEK ) <br> RESORT HOMEOWNERS ASSOCIATION, INC.,) <br> ) <br>     Plaintiffs. ) <br> ) <br> v. ) <br> ) <br> LISA LYNCH and husband, PHILLIP LYNCH, ) <br> ) <br>     Defendants. ) | Docket No. 3:21-cv-00054 |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT LISA LYNCH'S MOTION TO DISMISS
## AND TO QUASH WRIT OF IMMEDIATE ATTACHMENT

COMES NOW Defendant Lisa Lynch ("Mrs. Lynch"),[1] by and through counsel, and submits the following Memorandum of Law in Support of her Motion to Dismiss and To Quash Writ of Immediate Attachment. Mrs. Lynch shows as follows:

---

[1] Defendant Phillip Lynch has not been served with process and has no obligation to respond. While Mr. Lynch does not make any appearance or waive any of his rights, the defects in Plaintiffs' Complaint are equally applicable to Mr. Lynch.

## INTRODUCTION

The Complaint puts Mrs. Lynch, and this Court, in the unenviable position of trying "to fish a gold coin from a bucket of mud."[2] Mrs. Lynch owns a number of condos in the Cold Creek Resort development. Her ownership makes her the majority member of the Cold Creek Resort Homeowners Associations, Inc. ("HOA"). Plaintiffs allege that while acting as the majority member, Mrs. Lynch failed to pay assessments and otherwise took "objectionable disbursements." Nonetheless, Plaintiffs' Complaint does nothing more than recite language contained in the HOA's governing documents, vaguely allege wrongful actions purportedly committed by Mrs. Lynch, and make legal conclusions couched as factual assertions. The Complaint fails to comply with the pleading standards contained in Rules 8 and 9 and must be dismissed.

In addition to filing the Complaint, Plaintiffs, without notice, service of process, or hearing, obtained a Writ of Immediate Attachment against Mrs. Lynch's property. The Writ of Immediate Attachment is defective on its face, and the Court should quash the same.

## FACTUAL BACKGROUND

Mrs. Lynch owns 81 units within the Cold Creek Resort project in Sevier County, Tennessee. [Doc. 1-1 ¶ 2, 6]. Plaintiffs collectively own 26 units within the Cold Creek Resort project. [*Id.* ¶ 5]. The Cold Creek Resort was developed by the Cold Creek Development Group, LLC, who owned the relevant land and wished to submit it to Tennessee's Horizontal Property Act. [*Id.* at PageID #30]. In developing the land, the Development Group recorded the Master Deed and Declaration of Covenants, Conditions, Restrictions and Easements for Cold Creek Resort ("Declaration"). [*Id.* ¶ 2, Exhibit 1]. Likewise, the Development Group incorporated the non-profit corporation "Cold Creek Resort Homeowners Association" ("HOA"). [*Id.*]. Every

---

[2] *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

owner of property within the Cold Creek Resort project is defined as a member of the HOA. [*Id.* at PageID #38].

On January 5, 2021, Plaintiffs filed suit reciting claims for breach of contract, conversion, breach of fiduciary duty, constructive trust, and attachment. [*See generally Id.*]. Simultaneously with the filing of the Complaint, Plaintiffs obtained an Abstract of Suit and Notice of Lien Lis Pendens ("Lien Lis Pendens"). (*Id.* at PageID #294). On January 11, 2021, Plaintiffs, without hearing or notice to Defendant, obtained a Writ of Immediate Attachment from the Chancery Court, attaching Mrs. Lynch's 81 units (the "Attachment"). (*Id.* at PageID #304). Plaintiffs submitted an Attachment Bond in the amount of $100,000.00, for which Plaintiffs' counsel, Kennerly, Montgomery & Finley, P.C. signed as Surety. (*Id.* at PageID, ##309-310).

The Lien Lis Pendens was recorded by Plaintiffs on January 5, 2021, in the Office of the Register of Deeds for Sevier County, Tennessee, Deed Book 5693, Page 680-682. The Plaintiffs recorded the Attachments in the aforementioned Register's Office on January 15, 2021, Deed Book 5701, Page 262-265. (*Id.* at PageID #325).

It was only after this attachment, on January 19, 2021, that Plaintiffs had the Clerk and Master issue summons for Mrs. Lynch, which was subsequently served on January 20, 2021. [*Id.* at PageID # 317]. Incredibly, Plaintiffs filed a lawsuit, obtained an order attaching Mrs. Lynch's real property for sale, and recorded both the Lien Lis Pendens and Attachment, all before Plaintiffs even requested a summons to bring Mrs. Lynch under the state court's jurisdiction.

While Mr. Lynch has never been served with process, Mrs. Lynch was personally served on January 20, 2021, at the Cold Creek Resort. Mrs. Lynch removed the state court action to this Court on February 18, 2021.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, "the complaint must state a plausible claim

3

for relief." *City of Taylor Gen. Employees Retirement Sys. v. Astec Indus.*, 2021 WL 664841, at *4 (E.D. Tenn. Feb. 19, 2021). While "the Court must view it in the light most favorable to the plaintiff and accept all factual allegations in the complaint as true[,] . . . the Court does not need to accept legal conclusions—couched as factual conclusions—as true." *Id.* Likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints that do not meet these requirements fail to satisfy Rule 8(a)'s notice pleading standard and may be dismissed under Rule 12(b)(6). *See Chase v. Allstate Indemnity Co.*, 2015 WL 13402640, at *1 (E.D. Tenn. Dec. 28, 2015).

When a plaintiff makes legal claims that are subject to the heightened pleading standard of Rule 9(b)—*e.g.,* conversion, *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 555 (Tenn. Ct. App. 2012)—the plaintiff must plead with particularity. *Astec Indus.*, 2021 WL 664841, at *4 (quoting Fed. R. Civ. P. 9(b)). Particularity is concerned with singularity—*i.e.*, "of or pertaining to a single or specific person, thing, group, class, occasion, etc., rather than to others or all." *PNC Multifamily*, 387 S.W.3d at 555.

Finally, Rule 41 allows dismissal of a lawsuit where a plaintiff fails to comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b). Thus, failure to comply with Rules 8 and 9 may also result in dismissal pursuant to Rule 41. *See Wynder v. McMahon*, 360 F.3d 73, 77 (2d Cir. 2004) ("Rule 41(b) clearly authorizes dismissal where plaintiffs have 'fail[ed] . . . to comply with these rules,' including, of course, Rule 8."); *Sevier v. Apple, Inc.*, No. 3:13-0607, 2015 WL 4873122, at *8 (M.D. Tenn. Aug. 13, 2015) (holding that complaint that violated Rule 8 should be dismissed with prejudice under Rule 41(b)).

4

Case 3:21-cv-00054-CEA-HBG   Document 7   Filed 02/25/21   Page 4 of 19   PageID #: 401

ARGUMENT

Plaintiffs' Complaint contains nothing more than legal conclusions "couched as factual conclusions." *Astec Indus.*, 2021 WL 664841, at *4. Even where Plaintiffs' Complaint attempts to move beyond purported legal conclusions, it contains nothing more than threadbare arguments supported by "mere conclusory statements." *Id.* Nothing in the Complaint raises Plaintiffs' "right to relief above the speculative level," and the Complaint must be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, at 556 (2007).

I. **The Complaint Must Be Dismissed for Failure to Comply with Rule 8.**

Rule 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The purpose of a complaint is to "give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although pleadings are to be liberally construed, shotgun style pleadings violate Rule 8's notice pleading standard. *Roane Cty., Tennessee v. Jacobs Eng'r Grp., Inc.*, 2020 WL 5836553, at *7 (E.D. Tenn. Sept. 30, 2020).

Here, Plaintiffs' shotgun style Complaint fails to give Mrs. Lynch basic notice of the claims against her. Each of the claims appear to "present more than one discrete claim for relief." *Id.* (citing *Bickerstaff Clay Prods. Co., Inc. v. Harris Cty. By & Through Bd. Of Comm'rs*, 89 F.3d 1481, 1484 n.4 (11th Cir. 1996)). For example, in Count I – Breach of Contract, Plaintiffs not only ask for a money judgment, but they also ask for "an Order of Sale" and a "judgment [] that the Defendants' Units should be sold on a credit of not less than six (6) months nor more than two (2) years and in bar of any right of redemption in favor of the Defendants or the Defendants' creditors or heirs, in accordance with Tenn. Code Ann. §§ 21-1-803 and 66-8-101." [Doc. 1-1 ⁋

5

40]. None of these remedies are contemplated by the Declaration (which as explained below cannot serve as the basis for a breach of contract claim).

Likewise, Plaintiffs' prayer for relief contains a laundry list of requests that have no basis in law and that are never alluded to in the body of the Complaint. Plaintiffs have asked for an abstract of suit and notice of lien lis pendens, a full accounting, access to books and records, a money judgment and associated costs and fees, a constructive trust, a court order compelling Defendants to repay unauthorized disbursements, compensatory damages, attachment of Defendants' property, an order directing the sale of real property, a restraining order preventing Defendants from selling property, a judgment to sell Defendants' property, an order specifying the terms of the sale and that Defendants' right or equity of redemption be barred, that Mrs. Lynch be removed from the board of the HOA, and punitive damages. [Doc. 1-1 at PageID # 20-23].

To pick even one of these requested reliefs and examine the "basis" for it is to demonstrate the shotgun style pleading that Mrs. Lynch confronts. For example, on the very last page of the Complaint, Plaintiffs ask for a novel remedy—"Lisa [Lynch] to be removed from the Board and removed as agent for the Association and that a special meeting of the Association be compelled to completely fill the Board vacancies according to the Association's governing documents." [*Id.* at PageID # 23]. Plaintiffs make no attempt to explain how that is warranted by the relevant documents, any of their legal claims, or any other legal doctrine. Perhaps this failure to support their claim is for good reason, as such a remedy would require this Court to essentially insert itself as the overseer of the HOA, which courts are reluctant to do. The novel remedies requested in the prayer for relief are further evidence that the Complaint should be dismissed. *See Logan v. State Farm Mut. Auto Ins. Co.*, 2009 WL 412988, at *1 (E.D. Miss. Feb. 18, 2009) (striking prayer for relief that contained no factual or legal support).

6

Furthering indicating that the Complaint merits dismissal is the fact that Plaintiffs do not specify whether they are also suing Mr. Lynch for certain claims. For example, Mr. Lynch is not mentioned in the breach of fiduciary duty claim, though Plaintiffs state that "Defendants' gross negligence and/or malfeasance" caused harm, seemingly implicating Mr. Lynch. [Doc. 1-1 ⁋ 55]. Failure to give basic notice as to who is allegedly liable for which acts is an independent reason to dismiss the breach of fiduciary duty claim and the Complaint generally. *See Medina v. Bauer*, 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004) (granting motion to dismiss for failure to state a claim because complaint "lump[ed] all the defendants together and fail[ed] to distinguish their conduct" and thus "failed to satisfy the requirements of Rule 8").

Mrs. Lynch has done her best to discern the bases for Plaintiffs' requested relief, but the simple fact remains that in most "instances one cannot discern, with respect to a given claim for relief, the substantive rule giving rise to the claim." *Roane Cty., Tennessee*, 2020 WL 5836553, at *7 (citing *Bickerstaff*, 89 F.3d at 1484 n.4). That is because the Complaint is "without simplicity, conciseness and clarity" as to what wrongs it alleges Mrs. Lynch committed. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996). The Complaint is "prolix and confusing" and "should be dismissed because it makes it difficult for the defendant to file a responsive pleading and for the court to conduct orderly litigation." *Id.* (citing *Flayter v. Wis. Dep't of Corr.*, 16 F. App'x 507, 508 (7th Cir. 2001)). As such, the entire Complaint must be dismissed.

**II.     Plaintiffs Fail to State a Breach of Contract Claim for Which Relief May Be Granted.**

If this Court does not dismiss the entire Complaint, Plaintiffs have failed to state a breach of contract claim for which relief may be granted. To state a breach of contract claim, Plaintiffs were required to allege "(1) the existence of a contract, (2) breach of contract, and (3) damages which flow from the breach." *Life Care Ctrs. of America, Inc. v. Charles Town Assocs. Ltd. P'ship*, 79 F.3d 496, 514 (6th Cir. 1996). Plaintiffs fail to allege the existence of a valid and enforceable

7

contract between the parties. Plaintiffs' attempts to conjure up a breach of contract claim by reference to statutes and other documents cannot give rise to a breach of contract claim. As such, Plaintiffs have failed to state a breach of contract claim for which relief may be granted.

### a. Plaintiffs' Breach of Contract Claim Does Not Satisfy Rule 8(a).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). At the very least, then, a complaint must assert facts regarding all material elements of a given legal theory. *Williams v. SunTrust Mortg., Inc.*, 2013 WL 1209623, at *3 n. 1 (E.D. Tenn. March 25, 2013) (citation omitted). Thus, for breach of contract, Plaintiffs must allege "(1) the existence of a contract, (2) breach of contract, and (3) damages which flow from the breach." *Life Care Ctrs. of America, Inc.*, 79 F.3d at 514.

Here, Plaintiffs' Complaint does not even contain "threadbare recitals of the elements" of breach of contract. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint is devoid of even the most basic elements of a breach of contract claim. [Doc. 1-1, ¶¶ 35-41]. Specifically, Plaintiffs do not allege the existence of a valid contract between Plaintiffs and Mrs. Lynch. [*Id.*]. Where a complaint does not allege the existence of a valid contract between the parties, plaintiffs fail to state a breach of contract claim for which relief may be granted, and dismissal under Rule 8(a), 12(b)(6), and 41(b) is appropriate. *See Williams*, 2013 WL 1209621, at *3 n. 1 (dismissing breach of contract claim under Rule 8(a) and 12(b)(6) for failure to plead the existence of a valid contract); *Wynder*, 360 F.3d at 77 (dismissing claims under Rule 41(b) for failure to comply with Rule 8).

### b. Violations of Statutes Cannot Serve as a Basis for Breach of Contract.

In a breach of contract claim, violation of a statute cannot substitute for the existence of a valid and enforceable contract. *See Fry v. McCall*, 945 F. Supp. 655, 667 (S.D.N.Y. 1996) (holding that violations of statutory and constitutional mandates do not give rise to a cause of action for

breach of contract); *Brouillette v. Transamerican Refining Corp.*, 1995 WL 683869, at *5 (E.D. La. Nov. 11, 1995) ("Terminating an employee in violation of a statute . . . does not give rise to a breach of contract claim or a breach of implied covenant of good faith and fair dealing in the employment at-will context; rather, termination in violation of a statute is actionable only under the dictates of the statute."); *McKinney v. Nat'l Dairy Council*, 491 F. Supp. 1108, at 1119 (D. Mass. May 28, 1980) ("the statute does not augment common law rights in such a way that a violation of the statute could give rise to a cause of action for breach of contract"). In fact, a statute could never substitute for a valid contract because "[a] valid, enforceable contract requires consideration and mutual assent, manifested in the form of an offer and an acceptance." *Ace Design Grp., Inc. v. Greater Christ Temple Church, Inc.*, 2016 WL 7166408, at *7 (Tenn. Ct. App. Dec. 8, 2016). A statute, passed by a legislature without the involvement of any private parties, cannot possible be deemed an offer by a party that is accepted by the other. Likewise, there is no mutual assent because no assent is needed; a statute is passed by legislative fiat. Thus, Plaintiffs' references to "the Condo Act," [Doc. 1-1, ¶ 37], and the Tennessee Code Annotated, [*Id.* ¶¶ 40-41], do not substitute for a valid and enforceable contract and do not give rise to a breach of contract claim for which relief may be granted.

  c. **The Declaration Is Not a Valid and Enforceable Contract.**

  Plaintiffs' references to the Declaration also fails to show the existence of a valid and enforceable contract. The "Declaration" or "Master Deed" refers to the recorded Master Deed and Declaration of Covenants, Conditions, Restrictions and Easements for Cold Creek Resort. [*Id.* ¶ 2, Exhibit 1]. The Declaration was created by Cold Creek Development Group, LLC, who owned the relevant land and wished to submit it to Tennessee's Horizontal Property Act. [*Id.* at PageID #30]. To effectuate that intent, the developer created the HOA. [*Id.*]. There is no allegation in the Complaint that Plaintiffs or Mrs. Lynch succeed to the developer's contract rights under the

9

Declaration. [*See generally* Doc. 1-1]. Thus, to the extent that Plaintiffs or Mrs. Lynch have any rights under the Declarations, it is as members of the HOA, which includes all owners of property within the Cold Creek property. [*Id.* at PageID #38]. Nonetheless, the Declaration cannot give rise to a breach of contract claim because the Declaration does not allow for the requested remedy.

The Declaration's only contemplated remedy is a pre-suit lien for unpaid assessments, destroying Plaintiffs' right to sue for breach of contract and request post-filing attachment. [Doc. 1-1, PageID #39-41]. In the Declaration, each owner agrees to pay an assessment. [*Id.* at PageID # 39]. The sole remedy for failure to pay this assessment is "a lien on their respective Units in favor of the HOA[.]" [*Id.* at PageID # 40]. The lien may not be "recorded until there is a delinquency in payment." [*Id.*]. If there is a recorded lien, then the HOA may sue to enforce the lien. [*Id.*]. In other words, the only possible suit arising from the Declaration would be the enforcement of a pre-suit filed lien for unpaid assessments.

Plaintiffs did not allege the recording or existence of a pre-suit filed lien because they recorded no lien. To the extent that this Court allows the Declaration to substitute for the existence of a valid contract between the parties, Plaintiffs' breach of contract claim must still be dismissed. Plaintiffs have not pursued the only available remedy to them under the Declaration.

\*    \*    \*

Plaintiffs have not alleged the existence of a valid and enforceable agreement. In fact, Plaintiffs have not alleged any type of relationship between the parties—the word "contract" appears one time (in the heading for Count I) and the word "agreement" does not appear at all. [Doc. 1-1]. References to statutes cannot form the basis of a breach of contract action. To the extent the Declaration is deemed a contract between the parties, Plaintiffs do not have a right to sue under the Declaration for their requested remedies. In violation of Rule 8(a), 12(b)(6), and

41(b), Plaintiffs have failed to state a breach of contract claim for which relief may be granted.

### III. Plaintiffs Fail to State a Conversion and Constructive Trust Claim for Which Relief May Be Granted.

If this Court does not dismiss the entire Complaint, Plaintiffs have failed to state a conversion claim for which relief may be granted. To state a conversion claim, Plaintiffs were required to allege "(1) the appropriation of another's property to one's own use and benefit, (2) by the intentional exercise of dominion over it, (3) in defiance of the true owner's rights." *PNC Multifamily*, 387 S.W.3d 525, 553 (Tenn. Ct. App. 2012). Conversion claims are subject to the heightened pleading standard contained in Rule 9(b). *Id.* Plaintiffs have failed to plead with particularity. Because Plaintiffs' constructive trust claim is founded in Mrs. Lynch's alleged conversion, it must also be dismissed.

Conversion claims must be plead with particularity. *Id.* Like a fraud claim, particularity connotes singularity—"of or pertaining to a single or specific person, thing, group, class, occasion, etc., rather than to others or all." *Compare id.* at 555, *with Astec Indus.*, 2021 WL 664841, at *4 (Rule 9(b), for fraud, requires specifying the fraudulent statements, identifying the speak, stating when and where the statements occurred, and why they were fraudulent). Thus, if a plaintiff refers to cash being "withdrawn from **one or more** of the partnership accounts[,]" particularity is not satisfied because "'one or more' is not a single thing." *Id.* This same reasoning would also apply to phrases like "all other defendants" and "on other occasions[,]" which "are neither singular, nor particular." *Id.*

Here, Plaintiffs make sweeping allegations about what was converted: "substantial amounts of assessments paid in to the Association by other Members and/or other funds of the Association[.]" [Doc. 1-1, ¶ 43]. Which assessments? What other funds? In fact, the use of "and/or" is patently non-singular, thus non-particular. Continuing, Plaintiffs allege that the

11

property was "disbursed, expended and/or paid out to Defendants and/or their agents[.]" [*Id.*]. This is precisely the type of broad pleading rejected in *PNC Multifamily*—*i.e.*, "all other defendants." 387 S.W.3d at 555. Plaintiffs fail to identify a *single* improper disbursement or expenditure. [Doc. 1-1, ¶¶ 42-49]. Which defendant took the property? What property did they specifically take? When did they take it? Where did they take it? How was it in defiance of Plaintiffs' rights? All of these questions must be answered to satisfy Rule 9(b)'s heightened pleading standard. *PNC Multifamily*, 387 S.W.3d at 555; *Astec Indus.*, 2021 WL 664841, at *4. Plaintiffs fail to meet that standard. As such, the conversion claim must be dismissed.

Constructive trust is not a standalone claim; instead, it is a remedy for another cause of action. *Rider ex rel. Rider v. Rider*, 2003 WL 22345475, at *3 (Tenn. Ct. App. Oct. 15, 2003) ("A constructive trust is merely a remedy used by courts to enforce substantive rights; it is not itself a substantive right."). Here, the constructive trust claim is derivative of the conversion claim. Plaintiffs ask that the constructive trust be imposed as a result of the "Objectionable Disbursements[,]" which are defined in the conversion claim as the unauthorized disbursements that Defendants took from assessments and HOA funds "to cover expenses of the Defendants or their agents[.]" [Doc. 1-1, ¶¶ 43, 58]. To the extent the constructive trust claim is a remedy for breach of fiduciary duty, it must also be dismissed for the reasons explained below. As such, the constructive trust claim is derivative of Plaintiffs' improperly pled conversion claim and must be dismissed.

### IV. Plaintiffs Fail to State a Breach of Fiduciary Duty Claim for Which Relief May Be Granted.

If this Court does not dismiss the entire Complaint, Plaintiffs have failed to state a breach of fiduciary duty claim for which relief may be granted. To state a breach of fiduciary claim, Plaintiff must establish: "(1) a fiduciary relationship, (2) breach of the fiduciary duty, and (3) injury

12

to the plaintiff or benefit to the defendant as a result of that breach." *In re Estate of Potter*, 2017 WL 4546788, at *2 (Tenn. Ct. App. Oct. 11, 2017). Plaintiffs have failed to allege the necessary elements to sustain a breach of fiduciary duty claim.

While Plaintiffs allege that Mrs. Lynch served as the HOA's "controlling director" and, thus, owed a fiduciary duty to the HOA, Plaintiffs offer nothing more than threadbare legal conclusions supported by mere conclusory factual allegations for how Mrs. Lynch purportedly breached her fiduciary duty, thereby harming Plaintiffs. [Doc. 1-1 ¶¶ 50-56]. The only factual allegations supporting Plaintiffs' claims are that Mrs. Lynch took objectional disbursements and failed to collect assessments, all while allowing certain of the common elements to deteriorate. [*Id.*]. These are nothing more than "legal conclusions—couched as factual conclusions" and this Court need not accept them as true. *Astec Indus.*, 2021 WL 664841, at *4. As such, the breach of fiduciary duty claim must be dismissed.

Finally, it appears that Plaintiffs do not intend to separately plead "gross negligence and malfeasance." [Doc. 1-1 ¶¶ 50-56]. Rather, Plaintiffs use those terms to describe the actions that give rise to a breach of fiduciary duty claim. [*Id.*]. If, however, Plaintiffs intend them as a standalone claim, they must be dismissed. Lumping claims together under one heading is shotgun pleading, fails to comply with the notice pleading requirements, and warrants dismissal. *Roane Cty., Tennessee*, 2020 WL 5836553, at *7 (citing *Bickerstaff*, 89 F.3d at 1484 n. 4)).

V.  **Plaintiffs' Attachment is Defective Under Tennessee Law, And Must Be Quashed.**

Tenn. Code Ann. § 29-6-101, *et seq.* outlines Tennessee's procedure for pre-judgment attachment, allowing Plaintiffs, in specific circumstances and as an extraordinary remedy, to request attachment of a defendant's property, primarily in circumstances where there exists a risk of the property being removed from the jurisdiction of the Court. Although not outlined in the statute, Tennessee courts distinguish between original attachment and ancillary attachment.

Plaintiffs' Attachments, while in the form of an original attachment, is in substance an ancillary attachment, and Plaintiff's improper procedure in obtaining the same renders it void.

An ancillary attachment is in aid of a suit commenced by summons, which occurred here. *See Gibson v. Carroll*, 48 Tenn. 23 (Tenn. 1870). Conversely, an original attachment is meant to enforce the appearance of the defendant in court and obtain security for the plaintiff's demand. *Bryan v. Norfolk & W. Ry. Co.,* 104 S.W. 523, 524 (Tenn. 1907). In the instance of an original attachment, it is substituted for a summons, and stands in the place of personal service upon the defendant. *Id*. In *Cooper v. Reynolds*, the U.S. Supreme Court's review of Tennessee's attachment statute determined that an original attachment is the remedy when a defendant is not within the territorial jurisdiction and cannot be served with process. 77 U.S. 308, 318 (1870). In such an insistence, the plaintiff, upon affidavit of the fact that the defendant cannot be found, may request a writ of attachment and have the same levied on the defendant's property within the jurisdiction after publication of the same. *Id.*

In the case of an ancillary attachment, Tenn. Code Ann. § 29-6-108 prohibits judicial attachment of any person residing out of the state unless the attachment is an original attachment, "or unless the leading process in the suit has been executed on the person of the defendant when within the state." Ancillary attachments cannot issue against nonresidents "unless they may have been personally served with process, in the ordinary mode, while within our jurisdiction." *James v. Hall*, 31 Tenn. 297 (1851).

Plaintiffs clearly meant the Attachment to be in aid of their Complaint, as the Complaint requests that "a copy of this Complaint be issued and served upon the Defendants and that said named Defendants be required to answer the allegations of this Complaint." [Doc. 1-1, PageID # 21, ¶ 1]. Rather than seek service of process "in the ordinary mode, while within our jurisdiction,"

14

or even requesting a summons, Plaintiffs obtained an *ex parte* Attachment from the Chancery Court of Sevier County on the basis of Mrs. Lynch being a nonresident, then recorded the same of record, thereby creating a cloud on the title of Mrs. Lynch's property. After recording both the Lien Lis Pendens and Attachment, only then did Plaintiffs request issuance of a summons and service of both the Complaint and Attachment on Mrs. Lynch.

The summons that Plaintiffs finally requested demonstrates that Plaintiffs were aware that Mrs. Lynch was available for personal service of an ancillary attachment, stating Mrs. Lynch "can be found at 4025 Parkway, Pigeon Forge, TN 37863." [*Id.* at PageID # 317]. Mrs. Lynch was personally served within days of the issuance of the summons at the subject property.

The failure to allow Mrs. Lynch due process prior to taking such an extraordinary measure to seize her real property is a fatal defect to the ancillary Attachment encumbering Mrs. Lynch's property and cannot be cured by the subsequent service on Mrs. Lynch. Tennessee Courts have found that defects in the attachment process which are not amendable render the writ of attachment void. *See New York Casualty Co. v. Lawson*, 24 S.W.2d 881, 885 (Tenn. 1930); *Harper v. Turner*, 50 S.W. 755, 756 (Tenn. 1899); *Ford Motor Co. v. Taylor*, 446 S.W.2d 521, 524 (Tenn. App. 1969). Accordingly, an order quashing the Attachment and releasing Mrs. Lynch's property is the only remedy. Tennessee Courts have held that, when a defect appears on the face of the attachment, a motion to quash is proper. *Bryan*, 104 S.W. at 523-524. "A motion to quash, not a plea, is the proper method to raise the question of legality of service of process when all the facts appear upon the face of the papers." *Gilbert v. Smith*, 14 Tenn. App. 500 (1932).

It has long been held that "the writ of attachment is an extraordinary remedy, given to the creditor against his fraudulent or non-resident debtor, and while the laws are to be liberally construed in favor of the remedy, yet the consequences are of such a serious and harassing

15

character to the defendant himself, in the seizure and impounding of his property, that every express requirement of the law must be observed." *Lewis v. Woodfolk*, 61 Tenn. 25, 55 (Tenn. 1872). Plaintiffs' failure to comply with the express requirement of the law entitles her to removal of the Attachment.[3]

**VI.    To the Extent Plaintiffs Are Bringing a Derivative Action, It Must Be Dismissed.**

Plaintiffs make a single, passing reference to a derivative action: "Plaintiff represents Owners of at least twenty-six (26) Units within the condominium Project and Plaintiffs' combined voting power in respect to the Association exceeds the percentage threshold to maintain derivative suits under Tenn. Code Ann. § 48-56-401." [Doc. 1-1 ⁋ 5]. Plaintiffs thus fail to include several of the required elements of a derivative action: "(1) alleging, with particularity, the demand on the corporation; (2) verification of the complaint, and (3) brought in the right of the corporation[.]" *Germantown Manor Homeowners Assoc., Inc. v. GGAT Dev. Corp.*, 2017 WL 3668926, at *6 (Tenn. Ct. App. Aug. 24, 2017).

Similar requirements are contained in Rule 23.1, which only allows derivative actions if "one or more shareholders . . . bring[s] a derivative action to enforce a right that the corporation or association may properly assert but has failed to enforce." Fed. R. Civ. P. 23.1(a). The named shareholder must "fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association." Fed. R. Civ. P. 23.1(a). A verified complaint must allege: (1) the shareholder's membership, (2) that the action is not collusive to confer jurisdiction, and (3), with particularity, "(A) any effort by the plaintiff to

---

[3] Mrs. Lynch would note that attachment is not a standalone claim; it is just a remedy. *See Bristol Anesthesia Servs., P.C. v. Carilion Clinic Medicare Resources, LLC*, 2016 WL 885089, at *4 (E.D. Tenn. March 8, 2016) (attachment is a remedy designed to secure satisfaction of a potential judgment). To the extent Plaintiffs present attachment as a claim against Mrs. Lynch, the same should be dismissed.

16

obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and (B) the reasons for not obtaining the action or not making the effort." Fed. R. Civ. P. 23.1(b).

While Plaintiffs verified the Complaint, they do not sue in the name of the corporation. The caption of the Complaint lists individual plaintiffs and purports to sue "for themselves AND ALL OTHER MEMBERS OF COLD CREEK RESORT HOMEOWNERS ASSOCIATION, INC." [Doc. 1-1, PageID # 6]. Likewise, in Paragraph 5, Plaintiffs purport to be the record owners and members of the HOA. [*Id.* ¶ 5]. While Paragraph 7 states that the HOA has causes of action against the Defendants, the listed causes of action do not appear to be brought on behalf of the HOA. [*Id.* ¶¶ 7, 35-72]. "[A] derivative action is brought on behalf of the corporation to redress injury sustained by, or to enforce a duty owed to, the corporation." *Germantown*, 2017 WL 3668926, at *6. Plaintiffs have not sued in the name of the corporation.

Likewise, Plaintiffs have violated Rule 23.1(b)(2) because they do not "allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack[.]" Failure to satisfy this requirement warrants dismissal. *See Wesolek v. Layton*, 914 F. Supp. 2d 853, 863 (S.D. Tex. Dec. 21, 2012).

Finally, Plaintiffs fail to allege, "with particularity, the demand on the corporation." *Id.* While Plaintiffs reference a letter they sent to Mrs. Lynch, they do not allege what actions they demand the corporation take. [*See* Doc. 1-1 ¶ 24-34]. Moreover, none of the legal claims request relief other than that for money damages, constructive trust, and attachment. [*Id.* ¶¶ 35-72]. Likewise, the prayer for relief does not request that the board be compelled to take action; rather, it contains a laundry list of items that Mrs. Lynch should personally be required to perform—*e.g.*, provide a full accounting, provide access to books and records, repay unauthorized disbursements,

17

Case 3:21-cv-00054-CEA-HBG   Document 7   Filed 02/25/21   Page 17 of 19   PageID #: 414

be required to sell real property upon certain court-imposed terms, and pay damages. [*Id.* at PageID # 20-23]. The Complaint does not contain a particularized demand on the HOA, and it must be dismissed.

## CONCLUSION

The Complaint fails to give basic notice as to the claims against Mrs. Lynch and must be dismissed. Likewise, each of the individual claims fail to state a claim for which relief may be granted. Additionally, Plaintiffs improperly encumbered Mrs. Lynch's real property while she was not under the power of the state court. WHEREFORE, Mrs. Lynch respectfully requests that this Court dismiss Plaintiffs' Complaint and quash the Writ of Immediate Attachment.

Respectfully submitted this 25th day of February, 2021.

                                            Breeding, Olinzock, Carter, Crippen, PC

                                            By: /s Lindsey L. Hobbs
                                                   Lindsey L. Hobbs, BPR#033703
                                                   lindsey@breedinglaw.com
                                                 Adam R. Duggan, BPR#035121
                                                 adam@breedinglaw.com
                                                 Breeding, Olinzock, Carter, Crippen, PC
                                                 800 S. Gay Street Suite 1200
                                                 Knoxville, Tennessee 37902
                                                 (865) 670-8535

## CERTIFICATE OF SERVICE

      The undersigned hereby certify that a true and exact copy of the foregoing has been served upon all counsel of record via the Court's CM/ECF system and the following person(s) by placing a copy in the United States Mail, first class postage prepaid to:

Brian T. Mansfield, Esq.
Law Office of Brian T. Mansfield
164 N. Henderson Avenue, Suite A
Sevierville, Tennessee 37862
Attorney for Cold Creek Resort Homeowner's Association, Inc.

This the 25th day of February, 2021.

                                                        /s Lindsey L. Hobbs