UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THOMAS HEWITT, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Case No. 3:21-CV-054 |
| v. ) | |
| ) | Judge Atchley |
| LISA LYNCH and PHILLIP LYNCH, ) | |
| ) | Magistrate Judge Guyton |
| *Defendants*. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Motion to Remand. [Doc. 26]. Plaintiffs seek remand by arguing that the Court lacks subject-matter jurisdiction over their claims because the parties are not completely diverse under 28 U.S.C. § 1332. Defendants argue that several of the parties should be ignored for the purposes of determining diversity because they lack standing to bring suit; they also argue that the Court could exercise supplemental jurisdiction over the nondiverse parties joined after removal. Because there is not complete diversity between the parties, Plaintiffs' Motion to Remand is **GRANTED** [Doc. 26]. However, because removal was objectively reasonable, attorneys' fees will not be assessed.

Plaintiffs sued Defendants alleging, *inter alia*, that Defendants breached a condominium agreement by failing to pay dues. [Doc. 16]. All parties agree that all claims are state-law claims. The complaint was originally filed in Sevier County Chancery Court. [Doc. 1]. Defendants removed the case alleging that the Court had jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiffs then filed an amended complaint in this Court where they added two additional plaintiffs, Plaintiffs Wynna Fowler and Lottie Chambers. [Doc. 16].

Defendants are citizens of South Carolina. [Doc. 16 at 4–5]. Fowler and Chambers are also citizens of South Carolina. [Doc. 16 at 4–5]. Furthermore, the complaint lists Plaintiffs Morphis Properties, LLC and McPhil Investments, LLC as South Carolina corporations. [*Id.*] In the complaint, Plaintiff RKC, Inc. was identified as a Tennessee corporation. [*Id.*] Yet the briefing demonstrates that it is incorporated in South Carolina. [Doc. 38 at 3]. Defendants state, upon information and belief, that the corporations are conducting business in Tennessee but that the companies do not have the appropriate certificate of authority. [Doc. 34 at 4]. If that is correct, the corporate plaintiffs could not maintain suit.

A defendant can remove a case to federal court only if it originally could have been brought in federal court. 28 U.S.C. § 1441(a). For a federal court to exercise diversity jurisdiction, there must be complete diversity between the parties. *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009). The Court has an ongoing duty to ensure that it maintains subject-matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Furthermore, "removal statutes are to be strictly construed, and all doubts should be resolved against removal." *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017) (quoting *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007)) (internal quotation marks omitted).

Here, there is not complete diversity between the parties. Fowler and Chambers share South Carolina citizenship with Defendants. Defendants do not argue that Fowler and Chambers were fraudulently or otherwise improperly joined as plaintiffs. As a result, the Court lacks subject-matter jurisdiction over Plaintiffs' claims.

Defendants' argue that: (1) jurisdiction cannot be changed after removal and (2) even if it could the Court can exercise supplemental jurisdiction over these claims. [Doc. 34 at 5–6]. The

latter argument relies on a misreading of *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 554 (2005). In *Allapattah*, the Court held that in a diversity case, a court can exercise supplemental jurisdiction over certain claims in instances where those claims do not meet the amount-in-controversy requirement. *Id.* at 558–59. Yet, the Court also specifically noted that "incomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere." *Id.* at 554. As there is not complete diversity here, the Court cannot exercise supplemental jurisdiction over nondiverse parties.

The former argument fares no better. The Defendants rely on the statement that a "once an action has been properly removed . . . plaintiff may not do anything to defeat federal jurisdiction and force a remand to state court." *Boyd v. Diebold, Inc.*, 97 F.R.D. 720, 721 (E.D. Mich. 1983). But that conclusion was taken from a line of cases where the issue in front of the courts was the amount-in-controversy requirement. *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)). The current statute specifically allows remand based on joinder of a nondiverse party. 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder, and remand the action to State court.") While this rule does not govern joinder of additional plaintiffs, it supports the fact that a court can dismiss a case when nondiverse parties are joined after removal.

Because § 1447(e) does not govern, Federal Rule of Civil Procedure 15 governs if this amendment is allowed. *Ricciardi v. Kone, Inc.*, 215 F.R.D. 455 (E.D.N.Y. 2003). Rule 15(a) provides that Plaintiffs could amend their complaint as a matter of course. Thus, the only way the Court can maintain jurisdiction over a suit with a nondiverse party on removal is if the joinder of

3

that party was fraudulent. *See Saginaw Hous.*, 576 F.3d at 624. Defendants do not argue that Fowler and Chambers were fraudulently joined.

Plaintiffs also requested attorneys' fees. In Plaintiffs' original request and reply they cited no case law demonstrating similar circumstances where a court awarded fees. Generally, attorneys' fees will be assessed on a motion to remand only where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Defendants sought removal on the ground that the South Carolina companies were not proper plaintiffs. They relied on Tennessee Code Annotated § 48-246-601. To fall under the onus of that statute, a corporation must be transacting business in Tennessee. *Id.* Plaintiffs argue that Defendants' lack of evidence that the companies actually transact any business in Tennessee requires the Court to award attorneys' fees.

Defendants had a reasonable basis for seeking removal. While they may have been missing some evidence (according to Plaintiffs) they requested discovery, and there is no binding circuit precedent that discovery is improper to determine jurisdiction after removal. *Hoskins v. 3M Co.*, 6:17-cv-KKC, 2018 WL 1040091, at *4 (E.D. Ky. Feb. 23, 2018). Furthermore, the only evidence of the conclusion that Plaintiffs were not conducting business in Tennessee is an affidavit regarding RKC, Inc. which was identified in the Amended Complaint as a Tennessee company. [Doc. 16 at 4–5; Doc. 38-1]. While Defendants' arguments did not carry the day, they were objectively reasonable.

Therefore, Plaintiffs Motion to Remand [Doc. 26] is **GRANTED IN PART** and **DENIED IN PART**. This case is **REMANDED** to Sevier County Chancery Court. Plaintiffs' request for attorneys' fees under § 1447(c) is **DENIED**.

**SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**